| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ANTHONY BERNARD WINGFIELD, §
　　　　　　　　　　　　　　　　 §
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　 §
*versus* § CIVIL ACTION NO. 9:21-CV-297
　　　　　　　　　　　　　　　　 §
ADESUNKANMI ADEKOYA, §
　　　　　　　　　　　　　　　　 §
　　　　　Defendant. §

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Anthony Bernard Wingfield, an inmate confined at the Michael Unit in Beaumont, Texas, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against Adesunkanmi Adekoya, a correctional officer at the Polunsky Unit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends granting the defendant's motion for summary judgment (#22) and dismissing the above-styled action.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff asserts that the defendant's alleged wrongful conduct under the Eighth Amendment should deny the defendant the protection of qualified immunity. Plaintiff, however, has failed to establish an Eighth Amendment violation. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiff has failed to show the defendant was aware of a substantial risk of serious bodily harm

and drew the inference then failed to take measures to abate that risk, as required to state a claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that for a prison official to act with deliberate indifference, he must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference"). The defendant in this case determined plaintiff's condition was not a medical emergency which required immediate medical attention. Plaintiff has failed to show the defendant was aware of a substantial risk of serious harm or that he drew the inference then failed to take measures to abate it. Therefore, plaintiff's claims fail to rise to the level of a constitutional violation. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006) (To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct"). As plaintiff has failed to establish a constitutional violation, the defendant is also entitled to qualified immunity.

Additionally, plaintiff argues that he is a member of a protected class and the defendant violated the Americans with Disabilities Act ("ADA") and denied him equal protection. Plaintiff, however, may not sue individual defendants for violating the ADA, only the public "entity" is amenable to suit. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (noting a plaintiff may not sue defendants in their individual capacities under the ADA). Even assuming plaintiff is suing the defendant in his official capacity, plaintiff's claim lacks merit because he has failed to establish the defendant intentionally discriminated against him due to his alleged disability. *See Back v. Tex. Dep't of Crim. J. Corr. Inst. Div.*, 716 F. App'x 255, 258 (5th Cir. 2917) (affirming dismissal of prisoner's ADA claim where he did not allege defendant intentionally discriminated against him due to his disability). While the Fifth Circuit has not "delineate[d] the precise contours of [the] intentionality requirement," more is required than even deliberate indifference." *J.W. v. Paley*, 81 F.4th 440, 449-50 (5th Cir. 2023) (citing *Cadena v. El Paso Cnty.*, 946F.3d 717, 724 (5th Cir. 2020)). As set forth above, plaintiff's claims fail to rise to the level of deliberate indifference. "The ADA is not violated by 'a prison's simply failing

2

to attend to the medical needs of its disabled prisoners.'" *Nottingham*, 499 F. App'x at 377 (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).  As a result, plaintiff's ADA and equal protection claims are without merit and fail to state a claim upon which relief may be granted.[1]

Even assuming, *arguendo*, the defendant in this case may have been incorrect in his determination that plaintiff did not need immediate medical attention, plaintiff has failed to create a genuine dispute that the defendant *intentionally discriminated* against him by reason of his disability.  *See Paley*, 81 F.4th at 450.  Instead, the pleadings show that the defendant's actions were motivated by the fact that plaintiff was out of place during count time and needed to be in his cell.  Therefore, plaintiff's claims are without merit, and the defendant's motion for summary judgment should be granted.

**O R D E R**

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  It is

**ORDERED** that the defendant's motion for summary judgment (#22) is **GRANTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 20th day of September, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] To the extent plaintiff's claims may be interpreted as asserting a claim under the Rehabilitation Act ("RA"), any such claim is without merit. The Fifth Circuit has "repeatedly noted that, because the rights and remedies under the ADA and RA are the same, caselaw interpreting one statue can be applied to the other. *Nottingham,* 499 F. App'x at 376 n.6.